IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: <br>   TONY ARNEL MASSENBURG <br>     Debtor | \* <br><br> \* | Bankruptcy No. 12-27073-TJC <br> (Chapter 7) |
| \* \* \* \* \* | | |
| ROGER SCHLOSSBERG, TRUSTEE <br> 18421 Henson Boulevard, Suite 201 <br> Hagerstown, MD 21742 <br>     Plaintiff <br><br> v. <br><br> TONY ARNEL MASSENBURG <br> 8210 Crestwood Heights Drive #629 <br> McLean, VA 22102 <br>     Defendant | \* <br><br> \* <br><br> \* <br><br> \* <br><br> \* <br><br> \* <br><br> \* | <br><br><br><br><br> Adversary No. _____ |
| \* \* \* \* \* \* \* | | |

**TRUSTEE'S COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR**

TO THE HONORABLE THOMAS J. CATLIOTA, UNITED STATES BANKRUPTCY COURT:

    COMES NOW, the Plaintiff, Roger Schlossberg, Trustee, by and through his undersigned counsel, Schlossberg & Mastro, and in support of his *Trustee's Complaint Objecting to Discharge of Debtor,* hereby respectfully represents as follows:

**Jurisdiction, Venue,** *Etc***.**

    1. The instant bankruptcy case was commenced upon the filing by the Debtor of a *Voluntary Petition* under Chapter 11 of the Bankruptcy Code on September 18, 2012 (the "Petition Date"), and an order for relief thereupon was entered.

2. By *Order Converting Chapter 11 Case to a Case Under Chapter 7* (the "*Conversion Order*") of this Court dated November 13, 2013, said Chapter 11 proceedings were converted to a case under Chapter 7 of the Bankruptcy Code.

3. This Court is vested with jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(a) and United States District Court Local Rule No. 402. Further, this adversary proceeding is a "core proceeding" pursuant to the provisions of 28 U.S.C. §157(b)(2)(J). Venue in this Court is appropriate pursuant to the provisions of 28 U.S.C. §1409(a).

### Parties

4. Upon conversion of the instant case from a proceeding under Chapter 11 to a case under Chapter 7, your Plaintiff Roger Schlossberg duly was appointed Chapter 7 Interim Trustee. Following the commencement of that Meeting of Creditors required by 11 U.S.C. § 341 on December 17, 2013 without the request by creditors for the election of a trustee as permitted by 11 U.S.C. § 702(b) and (c), the appointment of your Trustee ripened into that of permanent Chapter 7 Trustee pursuant to the provisions of 11 U.S.C. § 702(d).

5. The Defendant Tony Arnel Massenburg (the "Debtor") is an adult resident of the State of Virginia with mailing address and residence as set forth in the caption hereof.

### Factual Background

*The Debtor's Rolex Watch and Diamond Earring*

6. On the Petition Date, the Debtor owned an 18-carat yellow gold and stainless steel Rolex watch containing 10 brilliant diamonds valued in excess of $10,000 (the "Rolex Watch").

7. On the Petition Date, the Debtor also owned a 14-carat white gold, basket-style earring featuring a 1.5-carat diamond valued in excess of $12,000 (the "Diamond Earring").

8. On and after the Petition Date, the Debtor insured the Rolex Watch and the Diamond Earring through a Personal Articles Policy with State Farm Insurance (the "State Farm Policy").

9. The Debtor was the sole named insured on the State Farm Policy, which provided, in the aggregate, more than $23,000 in insurance coverage for the Rolex Watch and the Diamond Earring. A true and accurate copy of the Declarations Page and Personal Articles Schedule for the aforementioned State Farm Policy for the policy period Feb. 21, 2013 through Feb. 21, 2014 is attached hereto as *Exhibit 1*.

10. On October 10, 2012, the Debtor caused to be filed herein, at Dkt. #10, his *Schedules of Assets and Liabilities* (the "*Schedules*"). The Debtor subsequently filed amended *Schedules* on October 11, 2012 (Dkt. #11) and October 22, 2012 (Dkt. #31).

11. Appended on the last page of each of the *Schedules* is a *Declaration Under Penalty of Perjury by Individual Debtor* by which the Debtor declared under the penalties of perjury that the contents of said *Schedules* were true and correct.

12. In response to the required disclosure of the interests of the Debtor in certain categories of personal property, the Debtor responded on *Schedule B* as follows:

| Type of Property | Description and Location of Property |
|---|---|
| 7. Furs and jewelry | Watches (2), basketball ring |
| * * * | * |
| 16. Accounts receivable | Burke & Herbert- credits due to account<br>NBA royalty check- expected October 2012 |
| * * * | * |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | None |
| * * * | * |

| | | |
|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and right to setoff claims. Give estimated value of each. | None | |
| * * * | | |
| 35. Other personal property of any kind not already listed. Itemize. | None | |

13. At the Meeting of Creditors herein, the Debtor testified under oath that the two watches referenced on his *Schedules* were a TechoMarine brand watch and a Movado brand watch.

14. Nowhere in the Debtor's sworn *Schedules* did he disclose his ownership of the Rolex Watch.

15. Nowhere in the Debtor's sworn *Schedules* did he disclose his ownership of the Diamond Earring.

16. On May 26, 2015, the Debtor provided documents to the Trustee in connection with the Trustee's investigation of a bank account jointly titled in the name of the Debtor and his non-debtor mother from which the Debtor allegedly paid some of his personal expenses. Included in the documents provided by the Debtor was a Renewal Certificate for the aforementioned State Farm Policy for the policy period June 10, 2010 through June 11, 2011.

17. Upon receipt and discovery of the aforementioned Renewal Certificate, the Trustee undertook to investigate the State Farm Policy and ascertained the items of jewelry insured by the Debtor thereunder, including the Rolex Watch and the Diamond Earring.

18. In response to a subsequent inquiry by the Trustee regarding the current whereabouts of the Diamond Earring insured under the State Farm Policy, the Debtor submitted an affidavit under oath (the "*Affidavit*") in which he averred "[t]hat I am not sure what happened to the single

earring but it is my belief that it was lost when I moved to San Antonio, Texas during 2004." A true and accurate copy of the Debtor's *Affidavit* is attached hereto as **Exhibit 2**.

19. In the same *Affidavit*, the Debtor averred that he "purchased the Rolex Watch and gave it to [his] father during 1991."

20. Upon information and belief, based on representations made by the Debtor in his application for the subject State Farm Policy, the Rolex Watch was not acquired by the Debtor until approximately 1998 and was not given to his father but, instead, was kept by the Debtor at his Maryland residence. A true and accurate copy of the Debtor's Personal Articles Policy Application is attached hereto as **Exhibit 3**.

21. Moreover, the Debtor has continuously maintained insurance on the Rolex Watch as the sole named insured from 1998 to the present. A true and accurate copy of the Renewal Certificate and Personal Articles Schedule for the aforementioned State Farm Policy for the policy period Feb. 21, 2015 through Feb. 21, 2016 is attached hereto as **Exhibit 4**.

22. The Debtor's acknowledgment of his insurable interest in the Rolex Watch through his procurement of the State Farm Policy is a tacit admission of his ownership of the Rolex Watch.

23. On or about June 7, 2013, the Debtor submitted an insurance claim to State Farm following his loss of the Diamond Earring. A true and accurate copy of the File History for State Farm claim 46-2Q42-405 filed by the Debtor is attached hereto as **Exhibit 5**.

24. On or about July 12, 2013, the Debtor told State Farm that he lost the Diamond Earring at a nightclub in Washington, D.C. and requested the "cash-out" option for the settlement of his claim.

25. On or about August 7, 2013, State Farm forwarded to the Debtor a check in the amount of $8,786.24 in full settlement of the Debtor's claim for the loss of the Diamond Earring (the "Settlement Check"). A true and accurate copy of the Payment History for State Farm claim 46-2Q42-405 is attached hereto as *Exhibit 6*.

26. Notwithstanding that the Debtor was a Debtor-in-Possession in a Chapter 11 bankruptcy on August 7, 2013, the Debtor did not deposit the Settlement Check in his Debtor-in-Possession bank account.

27. Notwithstanding that the Debtor was a Debtor-in-Possession in a Chapter 11 bankruptcy on August 7, 2013, the Debtor did not disclose his receipt of the Settlement Check on his *Monthly Operating Report* for August 2013 (Dkt. #77), or on any other *Monthly Operating Report*.

28. Although the Debtor did not disclose his receipt of the Settlement Check on his *Monthly Operating Report* for August 2013, he nevertheless swore and affirmed under the penalties of perjury that the information contained his *Monthly Operating Report* for August 2013 was true and correct.

29. At no time did the Debtor ever disclose to the Trustee the existence of the Settlement Check or tender to the Trustee the proceeds of the Settlement Check.

*The Debtor's Personal Income Tax Returns for 2010-2012*

30. At the initial session of the Meeting of Creditors herein, which was held and adjourned on December 17, 2013, the Trustee requested that the Debtor turn over his personal income tax returns for tax years 2010-2012 as filed with federal and state authorities.

31. The Debtor previously had obtained Orders from this Court authorizing the employment of CohnReznick LLP as a tax consultant (Dkt. #47 on March 11, 2013) and

authorizing the payment of compensation to CohnReznick LLP for the preparation of the Debtor's tax returns (Dkt. # 49 on March 22, 2013). However, despite these authorizations, no tax returns had been prepared or filed on behalf of the Debtor in the nine months preceding the initial session of the Meeting of Creditors.

32. Subsequent to December 17, 2013, the Trustee made numerous requests to the Debtor for the turnover of his personal income tax returns for tax years 2010-2012 as filed with federal and state authorities.

33. After more than a year of unsuccessful attempts to obtain the Debtor's cooperation, the Trustee filed a Motion for Turnover on June 9, 2015 (Dkt. # 217), which sought, *inter alia*, to compel the Debtor to turn over his personal income tax returns for tax years 2010-2012 as filed with federal and state authorities.

34. On September 2, 2015, this Court ordered the Debtor to turn over his personal income tax returns for tax years 2010-2012 as filed with federal and state authorities. A copy of this Court's Sept. 2, 2015 Order is attached hereto as ***Exhibit 7***.

35. On December 10, 2015, more than three months after the issuance of the Court's Order and nearly two years after the Trustee first sought the Debtor's tax returns, the Debtor finally turned over to the Trustee his personal income tax returns for tax years 2010-2012, as filed with federal and state authorities.

36. The inordinate and unnecessary delay by the Debtor in producing his 2010-2012 tax returns, as filed with federal and state authorities, has hindered the Trustee's investigation of the Debtor's assets and affairs, and has prevented the Trustee from timely pursuing actions to recovery property of the Estate for the benefit of the Debtor's creditors.

*The Trustee's Continuing Investigation*

37. Your Plaintiff/Trustee's investigation into the above-described matters is continuing. As such, your Trustee contemplates that additional evidence will be developed during said investigation and through discovery herein. Your Trustee contemplates that amendment of the instant *Complaint* may be appropriate to address such future developments. Accordingly, your Trustee expressly reserves the right so to amend the *Complaint* in a timely fashion consistent with the Bankruptcy Rules of Procedure.

## COUNT I
### Objection to Discharge - Transfer, Removal, Destruction, Mutilation or Concealment of Property
### [11 U.S.C. § 727(a)(2)(B)]

38. The allegations contained in Paragraphs 1-37, *supra*, hereby are incorporated by reference as if fully set forth in the body of this Count I.

39. As hereinabove set forth, the Debtor, with intent to hinder, delay and/or defraud his creditors or an officer of the Estate charged with custody of property under the Bankruptcy Code, has transferred, removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed property of the Bankruptcy Estate after the Petition Date.

40. Pursuant to the provisions of 11 U.S.C. §727(a)(2), the discharge of the Debtor should be denied.

WHEREFORE, your Plaintiff/Trustee, respectfully prays that this Honorable Court:

1. DENY the discharge of the Debtor.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## COUNT II
### Objection to Discharge – Concealment, Destruction, Mutilation, Falsification or Failure to Keep or Preserve Recorded Information from which the Debtor's Financial Condition Might be Ascertained
### [11 U.S.C. § 727(a)(3)]

41. The allegations contained in Paragraphs 1-37, *supra*, hereby are incorporated by reference as if fully set forth in the body of this Count II.

42. As hereinabove set forth, the Debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained.

43. The Debtor's actions and his failure to act as hereinabove set forth is not justified under all of the circumstances of this case.

44. Pursuant to the provisions of 11 U.S.C. §727(a)(3), the discharge of the Debtor should be denied.

WHEREFORE, your Plaintiff/Trustee, respectfully prays that this Honorable Court:

1. DENY the discharge of the Debtor.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## COUNT III
### Objection to Discharge - False Oath
### [11 U.S.C. § 727(a)(4)(A)]

45. The allegations contained in Paragraphs 1-37, *supra*, hereby are incorporated by reference as if fully set forth in the body of this Count III.

46. As hereinabove set forth, the Debtor knowingly and fraudulently, in or in connection with the instant bankruptcy case, made false oaths with respect to, *inter alia*:

      a. The *Schedules of Assets and Liabilities* filed herein as aforesaid;

      b. The averments he made in the *Affidavit* provided to the Trustee as aforesaid;

      c. The testimony he provided at the Meeting of Creditors conducted herein as aforesaid; and

      d. The *Monthly Operating Report* for August 2013 filed herein as aforesaid.

47. Pursuant to the provisions of 11 U.S.C. §727(a)(4), the discharge of the Debtor should be denied.

WHEREFORE, your Plaintiff/Trustee, respectfully prays that this Honorable Court:

1. DENY the discharge of the Debtor.

2. ORDER such other and further relief as the nature of this cause and the interests of justice may require.

## COUNT IV
## Objection to Discharge – Withholding Records from an Officer of the Estate entitled to Possession
## [11 U.S.C. § 727(a)(4)(D)]

48. The allegations contained in Paragraphs 1-37, *supra*, hereby are incorporated by reference as if fully set forth in the body of this Count IV.

49. As hereinabove set forth, the Debtor knowingly and fraudulently, in or in connection with the instant bankruptcy case, withheld from an officer of the Estate entitled to possession, recorded information, including books, documents, records, and papers, relating to the Debtor's property or financial affairs.

50. Pursuant to the provisions of 11 U.S.C. §727(a)(4), the discharge of the Debtor should be denied.

WHEREFORE, your Plaintiff/Trustee, respectfully prays that this Honorable Court:

1. DENY the discharge of the Debtor.

    2.  ORDER such other and further relief as the nature of this cause and the interests of justice may require.

>   Respectfully submitted,
>
>   SCHLOSSBERG & MASTRO
>
>   By:  */s/ Roger Schlossberg*
>   Roger Schlossberg
>   Frank J. Mastro #24679
>   18421 Henson Boulevard, Suite 201
>   Hagerstown, MD 21742
>   (301) 739-8610
>   rschlossberg@schlosslaw.com
>   fmastro@schlosslaw.com
>   *Attorneys for Plaintiff/Trustee*

Date:   December 14, 2015