Entered: September 02, 2015    Case 15-00661    Doc 231    Filed 12/14/15    Page 1 of 2    EXHIBIT 7
Signed: September 02, 2015
SO ORDERED

Case 12-27073    Doc 231    Filed 09/02/15    Page 1 of 2



THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re:                                        )
TONY ARNEL MASSENBURG,                        )    Case No. 12-27073-TJC
                                              )
    Debtor.                                   )    (Chapter 7)
                                              )

**ORDER COMPELLING DEBTOR TO TURN OVER PROPERTY OF THE ESTATE
AND CERTAIN RECORDS RELATING TO PROPERTY OF THE ESTATE**

Upon consideration of the Trustee's Motion to Compel Turnover of Property of the Estate and Certain Records Relating to Property of the Estate ("the Motion to Compel"), the opposition thereto, the arguments of counsel, and this Court being fully advised, and good cause existing for the relief requested, it is, by the United States Bankruptcy Court for the District of Maryland, hereby

**ORDERED**, that the Motion to Compel shall be, and the same hereby is, **GRANTED**; and it is further

**ORDERED**, that the Debtor shall turn over to the Trustee, at the offices of Schlossberg & Mastro, 18421 Henson Blvd., Suite 201, Hagerstown, MD 21742, by no later than 4 p.m. on September 2, 2015, the following items:

    1.    The Debtor's draft federal and state income tax returns (inclusive of all Schedules, attachments, *etc.*) for tax years 2010 and 2011; and

      2.      The Debtor's 2005 National Basketball Association (NBA) championship ring; and it is further

**ORDERED**, that the Debtor, by acting promptly and exercising all due diligence, shall turn over to the Trustee as soon as is practicable the following items:

      1.      All documents and information in the Debtor's possession regarding the insurance claim for the loss of the Debtor's Porsche Panamera vehicle including: (i) the letter the Debtor received from State Farm regarding the insurer's adjustment and settlement of the claim; and (ii) identification of the financial institution where the settlement check was negotiated and, if applicable, the account into which the check was deposited; and

      2.      Copies of the Debtor's filed federal and state income tax returns (inclusive of all Schedules, attachments, *etc.*) for tax years 2010 through 2012; and it is further

**ORDERED**, that the Court shall reserve ruling on the Trustee's request for attorney's fees pending the Debtor's compliance with this Order.

cc:    Roger Schlossberg, Esq.
        Frank J. Mastro, Esq.
        Eric H. Kirchman, Esq.

**END OF ORDER**